IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02067-BNB

CRAIG LAMONT POINDEXTER,

    Applicant,

v.

WARDEN SMELSNER, and
JOHN SUTHERS, the Attorney General of the State of Colorado,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Craig Lamont Poindexter, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the correctional facility in Crowley County, Colorado. On August 8, 2011, Mr. Poindexter filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his state court conviction and sentence in Jefferson County, Colorado, district court Case No. 03CR645.

    On August 12, 2011, Magistrate Judge Boyd N. Boland ordered Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A), if Respondents intend to raise either or both of those defenses in this action. On August 29, 2011, Respondents filed their pre-answer response. On September 13, 2011, Mr. Poindexter filed a reply to the pre-answer response.

    For the reasons stated below, the habeas corpus application will be denied, and

the action dismissed for lack of jurisdiction.

Mr. Poindexter pleaded guilty to possession of a schedule II controlled substance in Jefferson County District Court Case No. 03CR645, was sentenced to five years in the custody of the DOC, served his prison sentence, and was released on a three-year term of mandatory parole. He then violated the terms of his parole and was charged with escape. In No. 03CR645, the case at issue here, he was convicted of escape and sentenced on December 8, 2003, to six years in the DOC, plus a period of mandatory parole.

On November 13, 2003, before he was sentenced, Mr. Poindexter filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Civil Procedure in the trial court, which denied the motion. The Colo. R. Crim. P. 35(c) motion attacked the escape conviction on the basis that, *inter alia*, Mr. Poindexter should not have been placed on mandatory parole after he finished his prison sentence. He appealed from the denial to the Colorado Court of Appeals, which affirmed on December 1, 2005. **See** ECF No. 5 (pre-answer response), ex. 2 (***People v. Poindexter***, No. 04CA0143 (Colo. Ct. App. Dec. 1, 2005) (not published)). On July 19, 2006, the Colorado Supreme Court denied certiorari review.

Mr. Poindexter then filed in this Court a habeas corpus application attacking his conviction in No. 03CR645, asserting various reasons why he should not have been convicted of escape. ***See Poindexter v. Zavaras***, No. 07-cv-00544-PAB (D. Colo. filed Mar. 20, 2007) (not published). ***See id.***, ECF No. 2 at 5-6. This Court dismissed the action, ***see id.***, ECF No. 40, adopting the magistrate judge's recommendation that (1)

2

the state courts' resolution of Mr. Poindexter's first claim that he should have been classified as a sex offender (which would have not made him subject to mandatory parole) was not contrary to clearly established constitutional law, as determined by the United States Supreme Court, *see id.*, ECF No. 17 at 12-15; and Mr. Poindexter procedurally had defaulted on his claims two and three, also concerning whether he could have been convicted of escape from parole. *See id.*, ECF No. 17 at 5-8. The United States Court of Appeals for the Tenth Circuit (Tenth Circuit) denied Mr. Poindexter a certificate of appealability and dismissed the appeal because he had failed to make a substantial showing of the denial of a constitutional right. *See id.*, ECF No. 59 (***Poindexter v. Zavaras***, No. 09-1012 (10th Cir. July 15, 2009) (not published)). The United States Supreme Court denied certiorari review. *See id.*, ECF No. 61 (***Poindexter v. Zavaras***, No. 09-6833 (U.S. Nov. 9, 2009) (not published)).

On December 7, 2009, Mr. Poindexter filed another state postconviction motion, which the trial court denied summarily as time-barred on January 19, 2010. *See* No. 11-cv-02067-BNB, ECF No. 5 (pre-answer response), ex. 1 (state court docket sheet in No. 03CR645) at 5-6. Mr. Poindexter appealed to the Colorado Court of Appeals, which affirmed. *See id.*, ECF No. 5 (pre-answer response), ex. 8 (***People v. Poindexter***, No. 10CA0572 (Colo. Ct. App. Jan. 27, 2011) (not published) at 4. On July 5, 2011, the Colorado Supreme Court denied certiorari review. *See id.*, ex. 9.

On August 8, 2011, Mr. Poindexter filed the instant application based on the theory that he should not have been convicted of escape in No. 03CR645 because he should not have been on parole. Because Mr. Poindexter previously sought habeas

3

corpus relief in this Court, the Court finds that the instant application is a second or successive application.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Poindexter must apply to the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id*. at 1251.

A state prisoner seeking authorization to file a second or successive habeas corpus application pursuant to § 2254 must demonstrate that any claim he seeks to raise, not presented in a prior application, is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A), or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B). Under § 2244(b)(1), any claim presented in a second or successive habeas corpus application "that was presented in a prior application shall be dismissed."

Mr. Poindexter fails to allege whether he has obtained the necessary authorization from the Tenth Circuit to file a second or successive § 2254 application. Assuming that he has not obtained such an authorization, the Court either must dismiss

the application for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252.

> Factors [to be] considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id*. at 1251.

Mr. Poindexter asserts six claims in the instant action. They are:

> 1. The State of Colorado did not bare [sic] the burden of proving that mandatory parole was lawful and that its application was legal.
>
> 2. The parole board altercation of petitioners [sic] sentence violated petitioners [sic] constitutional protection against mutiple [sic] punishment for a single crime.
>
> 3. The retroactive application of People v. Rockwell violated fair warning of due process.
>
> 4. Whether Jefferson County had subject matter jurisdiction for the period of mandatory parole for case 98CR90 People v. Poindexter.
>
> 5. The petitioners [sic] defective plea of guilty obtained in violation of due process of the law was used in a subsequent criminal proceeding to support guilt.
>
> 6. The State of Colorado arbitrarily withheld a rule of state law denying petitioner equal protection of the law and due process. Claims of double jeopardy and challenges of mandatory parole are addressed pursuant to 35(a) motions and 35(c)(2) motions.

The Court finds that none of the relevant *In re Cline* factors favors a transfer. Mr. Poindexter's claims are not based on either a new rule of constitutional law or newly

discovered evidence, and the factual predicate for these claims could have been discovered after he violated parole or when his first postconviction motion was filed. *See* § 2244(b)(2). Moreover, his claims essentially were raised in his prior § 2254 application, *see* § 2244(b)(1), and were determined to lack merit.

It also was clear when this action was filed that the Court lacked jurisdiction over Mr. Poindexter's claims because they are time-barred. Pursuant to 28 U.S.C. § 2244(d), a one-year limitations period applies to habeas corpus applications. This period is tolled during the pendency of the defendant's direct appeal, ninety days past the termination of the direct appeal, so that the defendant may seek certiorari review in the Supreme Court, and during the time the defendant has a properly filed state postconviction proceeding pending in state court. *See* 28 U.S.C. § 2244(d)(1); *see also* **Serrano v. Williams**, 383 F.3d 1181, 1187 (10th Cir. 2004); **Locke v. Saffle**, 237 F.3d 1269, 1273 (10th Cir. 2001); **Barnett v. Lemaster**, 167 F.3d 1321, 1322-23 (10th Cir. 1999). However, it is not tolled during the pendency of prior federal habeas corpus proceedings. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

As previously stated, Mr. Poindexter was sentenced on December 8, 2003. *See* ECF No. 5 (pre-answer response), ex. 1 (state court docket sheet in No. 03CR645) at 6-7. He appears to have filed his first postconviction motion prior to that date on November 13, 2003. *See id.*, ex. 1 at 8. The motion was denied, and Mr. Poindexter's appeal from the denial ended on July 19, 2006, when the Colorado Supreme Court denied certiorari review. *See id.*, ex. 1 at 6. On October 11, 2006 (84 days later), Mr. Poindexter began filing a series of postconviction motions, the last of which appears to

have been denied on May 1, 2007. ***See id.***

On December 7, 2009 (951 days, or two years and 221 days, later), Mr. Poindexter filed a new postconviction motion, which the trial court denied on January 19, 2010. ***See id.***, ex. 1 at 5-6. On February 8, 2010 (20 days later), Mr. Poindexter filed a new postconviction motion that the trial court denied on March 5, 2010, and which Mr. Poindexter appealed. ***See id.***, ex. 1 at 5. That appeal was resolved on July 14, 2011, when the Colorado Supreme Court denied certiorari. ***See id.*** On August 8, 2011 (25 days later), Mr. Poindexter filed the instant application in this Court.

Mr. Poindexter is charged with 1,080 days, or two years and 350 days, of untolled time before he filed the instant habeas corpus application. As a result, the instant application is untimely under § 2244(d).

Therefore, this Court lacks jurisdiction over Mr. Poindexter's claims challenging the validity of his conviction and sentence in Jefferson County District Court Case No. 03CR645. As a result, the Court finds that a transfer of the instant action to the Tenth Circuit is not in the interest of justice. Instead, the action will be dismissed for lack of jurisdiction. ***See In re Cline***, 531 F.3d at 1251; ***see also*** Fed. R. Civ. P. 12(h)(3).

Accordingly, it is

ORDERED that the habeas corpus application filed on August 8, 2011, is denied, and the action is dismissed for lack of jurisdiction. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this  2nd  day of     November     , 2011.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court